1  RAVI PARMAR SBN# 298577
   PARMAR LAW
2  6925 RESEDA BLVD.
   RESEDA, CA 91335
3  PHONE:  818-600-1997
   RAVI@PARMARLAW.COM
4
5  SABRINA ROQUE SBN# 297982
   LAW OFFICE OF SABRINA ROQUE
   916 SILVER SPUR RD., STE. 201
6  ROLLING HILLS ESTATES, CA
   PHONE: 310-541-6810
7  SABRINALROQUE@GMAIL.COM

8       **IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF**

9                                **CALIFORNIA**

10

11 |                                          | Case No.: 2:16-cv-01332-CAS |

| | |
|---|---|
| | Case No.: 2:16-cv-01332-CAS |
| | Hon. Christina A. Snyder |
| | **PLAINTIFF'S, AMENDED COMPLAINT FOR:** |
| ALEX MUNOZ, an individual, QUAWORKS LLC,   a limited liability corporation<br><br>                    Plaintiff,<br><br>                         vs.<br><br>JIM MALCOM, and individual, RICOH IMAGING AMERICAS CORPORATION, a Corporation, and DOES 1 to 25, inclusive<br><br>                    Defendant(s). | (1) Breach of Contract;<br>(2) Breach of Contract;<br>(3) Inducing Breach of Contract;<br>(4) Breach of the Implied Covenants of Good Faith & Fair Dealings;<br>(5) Breach of the Implied Covenants of Good Faith & Fair Dealings;<br>(6)  Intentional Interference with A Contractual Relation<br>(7)  Use of Name and Likeness (Ca Civ. Code § 3344);<br>(8) Appropriation of Name & Likeness;<br>(9) Quantum Merit;<br>(10) Quantum Merit: |

AMENDED COMPLAINT - 1                                          2:16-CV-01332-CAS

(10) False Promise;
(11) Intentional
     Misrepresentation;
(12) Negligent Misrepresentation;

**JURY TRIAL DEMANDED**

This First Amended Complaint is filed pursuant to Federal Rule of Civil Procedure, 15 § (a)(1)(B), wherein a party may amend as a matter or course, within 21 days service of a pleading that requires a responsive pleading. Here, Defendants, Malcolm and RICOH filed served an Answer via U.S. Postal mail on or about, March 4, 2016, this First Amended Complaint is filed on March 25, 2016 within the 21-days permitted for a Amended pleading as a matter of course.

## STATEMENT OF JURISDICTION, VENUE

## AND NATURE SUIT

AMENDED COMPLAINT - 2                                    2:16-CV-01332-CAS

1. This Court has diversity jurisdiction of this removed action pursuant to 28 U.S.C. §1332 and §1441(b).  The proper forum is the U.S. District Court of the Central District of California, Western Division (Los Angeles), because the state court action was filed in the Superior Court of the State of California in and for the County of Los Angeles, 28 U.S.C.  §84(c) and §1441(a).

2. The nature of the suit is as per CV-71 herein attached.

## **PARTIES TO THIS ACTION**

3. The parties to the action are as per CV-71 herein attached and already appeared before this Court on this action.

4. Plaintiff is ignorant of the true names and capacities of any additional defendants sued in this complaint as DOES I-10, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by such defendants

AMENDED COMPLAINT - 3                                      2:16-CV-01332-CAS

## PREVIOUS LAWSUITS

5. No previous cases exist, however, this case was previously filed in the Superior Court of the State of California in and for the County of Los Angeles, on January 28, 2016, case number EC608676, and removed to this court with the current federal case number, 2:16-cv-01332-CAS.

## STATEMENT OF CLAIMS

6. Plaintiff ALEX MUNOZ (hereby referred to as "MUNOZ") is a resident of Los Angeles County, California.

7. QUAWORKS LLC (hereby referred to as "QUAWORKS") is a limited liability corporation established under the laws of the State of California and owned by MUNOZ.

8. Defendant RICOH IMAGING AMERICAS CORPORATION (hereafter referred to as "ROCOH") is incorporated in the state of Delaware, whose principal place of business is in Denver, Colorado.

9. Defendant Jim Malcolm (hereby referred to as "MALCOLM") is an individual whose domicile is in Denver, Colorado.

AMENDED COMPLAINT - 4                                    2:16-CV-01332-CAS

10. During the time that is the subject of this lawsuit, MALCOLM was the President of RICOH.

11. Plaintiff is ignorant of the true names and capacities of any additional defendants sued in this complaint as DOES I-10, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by such defendants

12. RICOH entered into a "brand ambassador" agreement with plaintiff MUNOZ on July 1, 2014, for the purpose of mutual promotion. (Exhibit A)

13. On November 23, 2015 Plaintiff MUNOZ terminated the Brand Ambassador agreement between himself and Defendants.

14. Defendants entered into a production contract with plaintiff QUAWORKS on August 14, 2014 for the production of the Specht marketing videos which include an indemnification clause which is included in subsection 8 (Exhibit B).

## **FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

15. Plaintiffs hereby incorporates and re-alleges in this count each and every allegation contained in paragraphs 1 through 14.

16. On or about July 1, 2014, Defendant, RICOH, and Plaintiff, MUNOZ, entered into a brand ambassador agreement ("AMBASSADOR AGREEMENT"), wherein MUNOZ agreed to represent the RICOH brand, as a "brand ambassador;" and RICOH promised to promote MUNOZ by having him appear at events with high profile significance. EXHIBIT A

17. From July 1, 2014 to the time of filing of this Complaint in state court, RICOH did not promote MUNOZ by having him appear in high profile events as had been agreed, instead RICOH promoted other brand ambassadors.

**SECOND CAUSE OF ACTION**

**BREACH OF CONTRACT**

18. Plaintiffs hereby incorporates and re-alleges in this count each and every allegation contained in paragraphs 1 through 17.

19. On or about August 14, 2014 RICOH enters into an agreement with QUAWORKS (here forth "QUAWORKS AGREEMENT"), contained in

AMENDED COMPLAINT - 6                                    2:16-CV-01332-CAS

QUAWORKS' invoice number l2014-QW2013, in exchange for a usage license of promotional videos, and containing and indemnity clause, section 10.  (EXHIBIT B)

20. On or about February, 2015, a model whose image is contained in one of the videos, Melanie Specht, sued both RICOH and the agent of QUAWORKS, ALEX MUNOZ, subsequent to publication by RICOH of one of the QUAWORKS videos.

21. RICOH defended the lawsuit and failed to provide legal counsel, and subsequent indemnification to QUAWORKS for defending its agent, MUNOZ, who had to obtain his own attorney.

## THIRD CAUSE OF ACTION

## INDUCING BREACH OF CONTRACT

22. Plaintiff hereby incorporates and re-alleges in this count each and every allegation contained in 1 through 21.

23. On or about July 1, 2014, Defendant, RICOH, and Plaintiff, MUNOZ,  entered into a brand ambassador agreement ("AMBASSADOR AGREEMENT"), wherein MUNOZ agreed to represent the RICOH brand, as

AMENDED COMPLAINT - 7                                    2:16-CV-01332-CAS

a "brand ambassador;" and RICOH promised to promote MUNOZ by having him appear at events with high profile significance.

24. MALCOLM, a RICOH executive, knew of this contract due to his extended interaction with MUNOZ.

25. MALCOLM disliked MUNOZ and made his feelings known.

26. MALCOLM ordered agents of RICOH to give Brand Ambassador events to "anyone either then Munoz" thus showing his intent to cause RICOH to breach the AMBASSADOR AGREEMENT. (EXHIBIT A)

27. MALCOLM's urging subordinates not to use MUNOZ was the direct cause of RICOH's breach.

28. RICOH used QUAWORKS, for the video production of high profile promotional events, while not employing MUNOZ as a brand ambassador during those promotions events, as agreed in the AMBASSADOR AGREEMENT.

29. MUNOZ was harmed because his contract with RICOH prevented him from contracting with any other company to promote other or competing products.

30. MALCOLM's direct actions of limiting the promotional events preventing RICOH from performing under the AMBASSADOR AGREEMENT harmed MUNOZ. (EXHIBIT A)

## FOURTH CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALINGS

31. Plaintiff hereby incorporates and re-alleges in this count each and every allegation contained in 1 through 30.

32. RICOH and MUNOZ entered into a contract, Ambassador Agreement (EXHIBIT A).

33. MUNOZ substantially performed all contractual obligations required of him by the AMBASSADOR AGREEMENT, by attending any and all promotional events to which he was invited, but was not given any high profile promotional events and was excused from further performance by RICOH's failure to invite his participation at high profile promotional events.

34. RICOH unfairly interfered with MUNOZ right to receive the benefits of the contract by not offering him high profile promotions during the period from

AM

July 1, 2014 to January 28, 2016 and giving the opportunities to someone else because he was not "liked" by a RICOH executive.

35. MUNOZ was harmed by RICOH's conduct because he did not receive the benefit of the contract, brand promotion, self-promotion and new business that would result from said promotions, additional experience adding to his own brand value and public exposure of his own brand.

## FIFTH CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALINGS

36. Plaintiff hereby incorporates and re-alleges in this count each and every allegation contained in 1 through 35.

37. RICOH and QUAWORKS entered into a contract, QUAWORKS AGREEMENT (EXHIBIT B).

38. QUAWORKS substantially performed all contractual obligations required of him by the QUAWORKS AGREEMENT, by producing a video by editing 4

to 5 minutes long promotional video from footage recorded during pre-launch 645Z.

39. RICOH unfairly interfered with QUAWORKS right to receive the benefits of the contract by not offering him providing it with indemnification for it's agent and principle's cost of defending a lawsuit that arose from RICOH's use of the video that was the subject matter of the QUAWORKS AGREEMENT, despite the agreement containing an indemnification clause on behalf of QUAWORKS.

40. QUAWORKS was harmed by RICOH's conduct because it did not receive the benefit of the contract, indemnification, and had to pay for its agents and principle's defense.

## SIXTH CAUSE OF ACTION

## INTENTIONAL INTEREFERENCE WITH CONTRACTUAL RELATIONS

41. Plaintiff hereby incorporates and re-alleges in this count each and every allegation contained in 1 through 40.

42. On or about July 1, 2014, Defendant, RICOH, and Plaintiff, MUNOZ, entered into a brand ambassador agreement ("AMBASSADOR AGREEMENT"),

AM

wherein MUNOZ agreed to represent the RICOH brand, as a "brand ambassador;" and RICOH promised to promote MUNOZ by having him appear at events with high profile significance.

43. MALCOLM, a RICOH executive, knew of this contract due to his extended interaction with MUNOZ.

44. MALCOLM intended to cause a breach of contract between RICOH AND MUNOZ. MALCOLM disliked MUNOZ and made his feelings known.

45. MALCOLM ordered agents of RICOH to give Brand Ambassador events to "anyone either then Munoz" intending to cause RICOH to breach the AMABASSOR AGREEMENT.

46. MALCOLM's intentional conduct of blacklisting MUNOZ, making sure anyone other than MUNOZ was used as an ambassador in high profile promotional events, interfered with the MUNOZ-RICOH relation created by the AMBASSADOR AGREEMENT.

47. MUNOZ was harmed by loss of promotion.

48. MUNOZ was harmed because his contract with RICOH prevented him from contracting with any other company to promote other or competing products.

AMENDED COMPLAINT - 12                                    2:16-CV-01332-CAS

49. MALCOLM's conduct was a substantial factor in causing MUNOZ's harm by limiting his exposure that was promised to him by the contract.

## SEVENTH CAUSE OF ACTION

## USE OF NAME OR LIKENESS (Cal. Civ. Code§ 3344)

**50.** Plaintiff hereby incorporates and re-alleges in this count each and every allegation contained in 1 through 49.

51.  Plaintiffs hereby incorporates and re-alleges in this count each and every allegation contained in 1 through 18.

52.  RICOH knowingly used MUNOZ name, voice, likeness on YouTube videos to advertise, introduce into the market and sell its product commonly known as the RICOH Pentax 645z.

53. RICOH did not receive a model release for posting the promotional videos.

54. The use of MUNOZ name and likeness was not made in connection news, public affair, sports broadcast or a political campaign, as the YouTube channel was used by RICOH to drive traffic to RICOH's YouTube Channel, which exists for commercial purposes.

55. The videos feature MUNOZ promoting the company by making comments about the superiority of the RICOH camera products, his videos easily encourage people to purchase the camera because MUNOZ, a well known photographer, highlights the camera's uses and promotes them as superior.

56. As of January 21, 2016, at 10:00 Pacific Standard Time, of the videos RICOH posts on YouTube, the ones with MUNOZ average 34,350 views and the videos not associated with MUNOZ average 7,869, thus RICOH derives marketing benefit from the appropriation of MUNOZ's name and likeness by driving considerable traffic to their YouTube Channel.

57. On November 23, 2015 Plaintiffs sent a letter that ended the faulty Brand Ambassador agreement and demanded that any and all videos that included their name, image or likeness to be taken down. Defendants have ignored the request from Plaintiffs, intentionally using Plaintiffs name, image and likeness for their own profit.

58. Plaintiff MUNOZ has suffered and continues to suffer irreparable harm to his personal brand by the unauthorized use of his name, imagine and likeness by Defendants for which monetary damages cannot fully compensate.

59. Plaintiff therefore is entitled to and seeks immediate injunctive relief.

# EIGHTH CAUSE OF ACTION

## APPROPRIATION OF NAME OR LIKENESS (Cal. Civ. Code§ 3344)

**60.**Plaintiff hereby incorporates and re-alleges in this count each and every allegation contained in 1 through 59.

61.RICOH used MUNOZ's name, likeness, or identity without his permission because RICOH did not possess a release authorization from MUNOZ for the use of his name and likeness.

62.RICOH gained a commercial benefit by using MUNOZ's name, likeness, or identity as demonstrated by the large number of views the MUNOZ video's garner versus the other videos on RICOH's YouTube Channel because he drives sales from his name recognition and continued endorsement of the RICOH product on the videos at issue.

63.MUNOZ was harmed because he cannot use his name and likeness, nor license it to other products or competitors; and

64.RICOH's conduct was a substantial factor in causing MUNOZ's harm since RICOH has refused to take the videos off the YouTube Channel despite repeated demands from MUNOZ for RICOH to cease and desist using his name and likeness; and

AMENDED COMPLAINT - 15                                           2:16-CV-01332-CAS

65. The privacy interests of MUNOZ outweigh the public interest served by RICOH's use of his name, likeness, or identity.

## NINTH CAUSE OF ACTION

## QUANTUM MERIT

66. Plaintiff hereby incorporates and re-alleges in this count each and every allegation contained in 1 through 65.

67. RICOH appropriated plaintiff MUNOZ image and for the purpose of advertising and promoting their products. RICOH paid nothing to MUNOZ for the use of his image or likeness in the videos posted on YouTube.

68. MUNOZ regularly receives payment for the use of his image and likeness in the photography industry. MUNOZ value can be demonstrated by the name recognition he demonstrates with his fast social media following.

69. MUNOZ was unaware these videos were for the direct solicitation of sales for Defendants product line up. MUNOZ had no knowledge of RICOHS intent for commercial gain and had he known would have requested fees accordingly.

70. MUNOZ is entitled to reasonable value gained by RICOH, the value of said services are to be determined according to proof at trial

## TENTH CAUSE OF ACTION

## QUANTUM MERIT

71. Plaintiff hereby incorporates and re-alleges in this count each and every allegation contained in 1 through 70.

72. RICOH appropriated a software program designed for the flash of the camera MUNOZ was working with. RICOH paid nothing to MUNOZ for the software or instructional videos he produced.

73. MUNOZ is a highly recognized photographer and receives payments not only for the work he produces, but the development of the equipment he uses.

74. MUNOZ was unaware that this flash software he designed would be directly advertised by RICOH to further the sales of their product.

75. MUNOZ is entitled to reasonable value gained by RICOH, the value of said services are to be determined according to proof at trial.

## ELEVENTH CAUSE OF ACTION

AMENDED COMPLAINT - 17                                    2:16-CV-01332-CAS

**FALSE PROMISE**

76. Plaintiff hereby incorporates and re-alleges in this count each and every allegation contained in 1 through 75.

77. RICOH promised plaintiff QUAWORKS through the contract signed August 14, 2014, to provide indemnification for any suit filed by a third party in regards to the videos produced in the contract.

78. QUAWORKS was induced to sign the contract with RICOH, due to the protection they offered with the indemnification clause for work provided.

79. MUNOZ was sued on March 2, 2015 as an agent of QUAWORKS. The suit arose regarding the production contract signed on August 14, 2014. RICOH refused to honor the contract and provide legal counsel for QUAWORKS and its agent MUNOZ.

80. Plaintiffs have tried on numerous occasions to collect attorney's fees from RICOH because of their contractual duty, only to be ignored. On July 25, 2015, MUNOZ went as far as to fly to Denver to meet with a high ranking executive named Kazumichi Eguchi. RICOH has repeatedly shirked its responsibility to Plaintiffs.

81. QUAWORKS and its agent MUNOZ have suffered monetary damages and are entitled to compensation to be determined according to proof at trial.

# **TWELVETH CAUSE OF ACTION**

# **INTENTIONAL MISREPRESENTATION**

**82.** Plaintiff hereby incorporates and re-alleges in this count each and every allegation contained in 1 through 81.

**83.** RICOH promised plaintiff QUAWORKS through the contract signed August 14, 2014, to provide indemnification for any suit filed by a third party in regards to the videos produced in the contract.

**84.** On March 2, 2015 QUAWORKS agent MUNOZ got sued by a third party regarding work performed in the contract dated August 14, 2014. RICOH refused to honor the contract and provide legal counsel for QUAWORKS and its agent MUNOZ.

**85.** RIOCOH had no intention of providing indemnification to the QUAWORKS and its agents. RICOH knowingly signed the contract dated August 14, 2014 so QUAWORKS would produce content for them at a discounted rate in exchange for indemnification.

**86.** RICOH knowingly promised to indemnify QUAWORKS in a highly litigated industry to induce them to produce work for them.

**87.** QUAWORKS believing that they would be covered if any legal issue occurred agreed to do business with RICOH. QUAWORKS includes an indemnification clause as a standard term of agreement to doing business and have regularly refused to contract without one.

**88.** QUAWORKS has suffered monetary damages and are entitled to compensation to be determined according to proof at trial.

## THIRTEENTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

**89.** Plaintiff hereby incorporates and re-alleges in this count each and every allegation contained in 1 through 88.

**90.** RICOH promised plaintiff QUAWORKS through the contract signed August 14, 2014, to provide indemnification for any suit filed by a third party in regards to the videos produced in the contract.

**91.** On March 2, 2015 QUAWORKS agent MUNOZ got sued by a third party regarding work performed in the contract dated August 14, 2014. RICOH refused to honor the contract and provide legal counsel for QUAWORKS and its agent MUNOZ.

**92.** RIOCOH had no intention of providing indemnification to the QUAWORKS and its agents. RICOH knowingly signed the contract dated August 14, 2014 so QUAWORKS would produce content for them at a discounted rate in exchange for indemnification.

**93.** RICOH knowingly promised to indemnify QUAWORKS in a highly litigated industry to induce them to produce work for them.

**94.** QUAWORKS believing that they would be covered if any legal issue occurred agreed to do business with RICOH. QUAWORKS includes an indemnification clause as a standard term of agreement to doing business and have regularly refused to contract without one.

**95.** QUAWORKS has suffered monetary damages and are entitled to compensation to be determined according to proof at trial.

**WHEREFORE**, plaintiff prays judgment against defendants, and each of them, as follows:

1.      For an award of general damages according to proof;

2.      For reasonable attorney's fees according to proof;

3.      Statutory damages where permitted;

4.      Punitive damages where permitted;

AMENDED COMPLAINT - 21                                   2:16-CV-01332-CAS

5.    For costs of suit herein incurred; and

6.    For such other and further relief as the court may deem proper.

7. Plaintiff hereby demands a trial by jury on all matters so triable.

Dated: March 25, 2015

PARMAR LAW

By: _____

Ravi Parmar

LAW OFFICE OF SABRINA ROQUE

By: _____

Sabrina Roque

AMENDED COMPLAINT - 22

2:16-CV-01332-CAS